UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number: 15-24114-CIV-MARTINEZ-GOODMAN**

MICHAEL D. ARRINGTON,

      Plaintiff,

v.

MIAMI DADE COUNTY PUBLIC SCHOOL
DISTRICT, *et al.*,

      Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS MATTER** was referred to the Honorable Jonathan Goodman, United States Chief Magistrate Judge, for a Report and Recommendation on Plaintiff's Motion to File Under Seal Affidavit and Exhibits Containing Medical Information in Support of Motion for Relief from Judgment ("Support Motion"), (ECF No. 127), and Plaintiff's Motion for Relief from Judgment, (ECF No. 129). (ECF No. 131.)

Judge Goodman filed an Omnibus Report and Recommendations ("R&R"), recommending that the Motion for Relief from Judgment, (ECF No. 129), be denied because Plaintiff failed to establish his entitlement to the requested relief, and accordingly that the Support Motion, (ECF No. 127), be denied as moot. (ECF No. 135.) Plaintiff's Objections to the R&R were due within fourteen (14) days of being served with a copy of the R&R. (ECF No. 135.) Plaintiff filed his Objections to the R&R on October 16, 2024. (ECF No. 136.) It is unclear from the record when Plaintiff received a copy of the R&R, but he claims in his Objections he received it on October 4, 2024. Taking this as true, Plaintiff's Objections were due on or before October 18, 2024. Therefore, this Court proceeds as if Plaintiff's Objections were timely submitted.

Plaintiff is a former student at one of Defendant School Board's adult education programs. Upon Report and Recommendation on Defendants' Motions to Dismiss, Plaintiff's initial

Complaint was dismissed as a shotgun pleading and for failure to state a claim. (ECF Nos. 30, 36.) Counts 1-4 and 6 were dismissed without prejudice, and Plaintiff was given time to amend these counts. (ECF No. 36.) Counts 5 and 7-13 were dismissed without prejudice, as the Court declined to exercise supplemental jurisdiction as to those claims, and Plaintiff was given an opportunity to refile those counts in state court. (*Id.*) Counts 14-18 were dismissed with prejudice, as counts 14-16 were brought against Defendants that were never served and counts 17-18 were barred under the intracorporate conspiracy doctrine. (ECF Nos. 30, 36.)

Plaintiff filed an Amended Complaint, and subsequently requested leave to file a Second Amended Complaint. (ECF Nos. 37, 48.) Plaintiff's request was granted, and Plaintiff filed his Second Amended Complaint. (ECF Nos. 59, 60.) Plaintiff's Second Amended Complaint was again dismissed as a shotgun pleading, as it was "replete with conclusory, vague and immaterial facts not obviously connected to any particular cause of action." (ECF No. 73) (quoting *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1322). This Court instructed that Plaintiff's failure to cure the deficiencies would lead to the dismissal of his complaint with prejudice. (ECF No. 73.) This Court dismissed Plaintiff's Second Amended Complaint without prejudice, allowing "one final opportunity to cure the deficiencies," warning again that "failure to cure the deficiencies as outlined in this Order will lead to this Court dismissing Plaintiff's action with prejudice." (*Id.*) Plaintiff subsequently filed his Third Amended Complaint. (ECF No. 75.)

Upon Report and Recommendation on Defendants' Combined Motion to Dismiss Plaintiff's Third Amended Complaint, (ECF No. 82), this Court dismissed Plaintiff's Third Amended Complaint with prejudice because Plaintiff again failed to cure the deficiencies outlined by the Court. (ECF No. 86.) Shortly thereafter, Plaintiff filed a Motion to Amend Judgment under Rule 59(e), (ECF No. 87), which this Court denied, (ECF No. 94).

Plaintiff filed a Notice of Appeal of the Court's Order Adopting Judge Goodman's Report and Recommendation as to his Third Amended Complaint and the Court's Order Denying Plaintiff's Motion to Amend Judgment. (ECF No. 95.) The United States Court of Appeals for the Eleventh Circuit affirmed the orders on appeal, finding "the district court properly dismissed Arrington's complaint for failure to state a plausible claim to relief. Accepting Arrington's allegations as true, he has not stated an underlying constitutional or statutory violation. Nor has he

2

shown that any of the named defendants would be liable even if he could establish a constitutional violation." (ECF No. 99.)

Following the Eleventh Circuit's affirmance, Plaintiff filed another Motion for Relief from Judgment of the Court's Order dismissing his Third Amended Complaint, (ECF No. 86). (ECF No. 100.) This Court denied Plaintiff's Second Motion for Relief from Judgment, (ECF No. 100), because "the issues raised in Plaintiff's Rule 60(b) Motion were expressly decided in the Eleventh Circuit's opinion. Thus, relitigation at the district court level—if even allowed as a jurisdictional matter—is precluded." (ECF No. 102.) The Court further explained that in filing the Second Motion for Relief from Judgment, Plaintiff was essentially asking the district court to reconsider the Eleventh Circuit's decision. (*Id.*)

Plaintiff then filed a Notice of Appeal of the Court's Order Denying Plaintiff's Second Motion for Relief from Judgment, (ECF No. 102). (ECF No. 104.) The Eleventh Circuit affirmed the order on appeal, explaining "the district court had no authority to grant his requested relief under Rule 60(b) or otherwise. Accordingly, the district court properly denied Arrington's Rule 60 motion." (ECF No. 109.)

Plaintiff then filed a Motion for Reconsideration of the Eleventh Circuit's Mandate, despite both this Court and the Eleventh Circuit explaining that the district court is without jurisdiction to review an Eleventh Circuit mandate. (ECF No. 110.) This Court denied the Motion, again explaining that relitigation at the district court level was precluded both because the issues at hand were expressly decided in the Eleventh Circuit's opinions, and because this Court did not have jurisdiction to reconsider same. (ECF No. 111.)

Plaintiff initiated a third appeal. (ECF No. 112.) The Eleventh Circuit again affirmed the order on appeal, explaining "the district court properly concluded that law of the case barred Arrington's second Rule 60(b) motion." (ECF No. 117.) Undeterred, Plaintiff again filed a Motion for Reconsideration of the Eleventh Circuit's mandate. (ECF Nos. 118, 119.) The Court again denied the Motion, (ECF No. 120), and Plaintiff again appealed, (ECF No. 121.) The Eleventh Circuit dismissed the appeal for lack of jurisdiction, as Plaintiff failed to adhere to the 30-day statutory time limit. (ECF No. 126.)

Thereafter, Plaintiff filed the instant Motion for Relief, (ECF No. 129), and Support

3

Motion, (ECF No. 127), for relief from the Eleventh Circuit's opinion dismissing his appeal for lack of jurisdiction, (ECF No. 126), arguing that his failure to adhere to the 30-day deadline was excusable neglect because he was incapacitated and under the impression that the Eleventh Circuit would not take any action on his third motion for reconsideration, (ECF No. 129). Judge Goodman's R&R explains that Plaintiff's reliance on *Vencor Hosps., Inc. v. Standard Life & Acc. Ins. Co.* for relief pursuant to Fed. R. Civ. P. 60(b) is misplaced because that case holds that Fed. R. App. P. 4(a)(6) is the "exclusive method for extending a party's time to appeal for failure to receive actual notice that a judgment or order has been entered." (ECF No. 135) (quoting *Vencor Hosps., Inc.* 279 F.3d 1306, 1311 (11th Cir. 2002)). Therefore, Plaintiff cannot obtain relief to file an appeal past the 30-day deadline under Rule 60(b) *for any reason*. Fed. R. App. P. 4(a)(6) *is the exclusive means* for extending the time to appeal.

In considering Fed. R. App. P. 4(a)(6), Judge Goodman explained that Plaintiff's Motion for Relief fails to meet Rule 4(a)(6)'s requirements because Plaintiff admitted that he properly received notice of the Court's Order. (ECF No. 135.) Plaintiff states that he "live [*sic*] alone and didn't check his mailbox regularly during the month of November 2023, due to the elevator not working properly, pain in his left knee and the anxiety he was having after the workers compensation carrier denied him medical treatment," seemingly arguing that regardless of when the Order was sent or delivered to his mailbox, he did not "receive" it until he checked his mailbox on November 30, 2023, and therefore his failure to timely file his Notice of Appeal was excusable neglect. (ECF No. 130.) This is not supported by relevant legal authorities. *See In Re Keitel*, 852 Fed. App'x 463 (11th Cir. 2021) (affirming district court's decision to deny *pro se* party's Rule 60 motion where party failed to meet court deadlines even where party "did not have access to the electronic filing system, and was unable to get to his P.O. Box […]" and suffered from "serious health issues" resulting in a hospitalization). Relief pursuant to Fed. R. App. P. 4(a)(6) is available where "the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of judgment or order sought to be appealed within 21 days after entry[.]" Fed. R. App. P. 4(a)(6)(A) Thus, Plaintiff fails to meet the first requirement of Rule 4(a)(6) because he did not demonstrate that he did not receive notice of the Order within 21 days after entry. He has only demonstrated that he did not timely retrieve it from his mailbox.

4

Judge Goodman further found, and this Court agrees, that Plaintiff failed to "articulate the basis" of how he is entitled to relief under Rule 4(a)(6). (ECF No. 135) *Cf. Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1308 (11th Cir. 2009) ("Leib's failure to articulate the basis of his arbitrary and capricious due process claim is a sufficient ground for its dismissal.") (citing *Tyler v. Runyon*, 70 F.3d 458, 465 (7th Cir. 1995) ("[I]f an appellant fails to make a minimally complete and comprehensible argument for each of his claims, he loses regardless of the merits of those claims as they might have appeared on a fuller presentation.")). Instead, Plaintiff's Motion for Relief merely states the requirements of Rule 4(a)(6) and includes no argument or discussion related to how he actually meets each of the requirements. (ECF No. 129.)

This Court has conducted a *de novo* review of the record and the arguments contained within Plaintiff's Objections, (ECF No. 136). Plaintiff's Objections merely restate prior arguments that have already been addressed and copies portions of the R&R, claiming that it "errs," without stating the specific authorities supporting the objections. Plaintiff's Objections do not establish any error in the R&R. This Court concludes that the findings within Judge Goodman's R&R are supported by the evidence and relevant authorities. Accordingly, after careful consideration, it is hereby **ORDERED** and **ADJUDGED** that:

1.  United States Chief Magistrate Judge Jonathan Goodman's Report and Recommendations, (ECF No. 135), is **AFFIRMED** and **ADOPTED**.

2.  Plaintiff's Objections, (ECF No. 136), are **OVERRULED**.

3.  Plaintiff's Motion for Relief from Judgment, (ECF No. 129), is **DENIED**.

4.  Plaintiff's Motion to File Under Seal in Support of Motion for Relief from Judgment, (ECF No. 127), is **DENIED** as **MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this \\ day of March, 2025.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Goodman
Michael D. Arrington, *pro se*
All Counsel of Record